# EXHIBIT A

| | |
|---|---|
| **DISTRICT COURT, WASHINGTON COUNTY, COLORADO.** Washington Combined Court P.O. Box 455 26861 Highway 34 Akron, CO 80720 | DATE FILED: December 16, 2022 10:46 AM FILING ID: A3B28FC3BB CASE NUMBER: 2022CV30016 |
| Plaintiff: **MERL DINSMORE** v. Defendants: **MARCUS MEGRESS; and METEOR LOGISTICS LLC.** | ▲**COURT USE ONLY**▲ |
| **Attorneys for Plaintiff:** Nathan T. Mattison, #38627 Alissa M. Peashka, # 43645 Law Offices of Dianne Sawaya, LLC 4500 Cherry Creek Drive South, Suite 1030 Denver, CO 80246 Phone Number: (303) 758-4777 Fax Number: (303) 758-4779 E-mail: nmattison@dlslawfirm.com; apeashka@dlslawfirm.com | Case Number: Division: Courtroom: |
| **COMPLAINT** | |

Plaintiff, Merl Dinsmore **("Plaintiff")**, by and through counsel, for his Complaint against the Defendants, Marcus Megress and Meteor Logistics LLC **(collectively, "Defendants")**, states and alleges as follows.

## I. PARTIES

### A. Plaintiff

1.    Upon information and belief, at all relevant times, Plaintiff has resided in Anton, Washington County, Colorado.

2.    Upon information and belief, at the time of the motor vehicle collision forming the basis for this suit **("the collision")**, Plaintiff was an employee of the State of Colorado Department of Transportation **("Employer")**.

3.    Upon information and belief, at the time of the collision, Plaintiff was acting within the course and scope of his employment with Employer.

1

**B.  Defendant Marcus Megress *("Defendant Megress")***

4.      Upon information and belief, at all relevant times, Defendant Marcus Megress **("Defendant Megress")** resided in Baton Rouge, <u>East Baton Rouge</u> County, Louisiana.

5.      Upon information and belief, Defendant Megress committed one or more torts **("the tort(s)")**, causing the collision, in <u>Washington</u> County, Colorado.

**C.  Defendant Meteor Logistics LLC *("Defendant Meteor")***

6.      Upon information and belief, at all relevant times, Defendant Meteor Logistics LLC **("Defendant Meteor")** was a foreign limited liability company formed in Illinois.

7.      Upon information and belief, at all relevant times, Defendant Meteor's principal place of business's street and mailing addresses were identical, located at 8915 Octavia Avenue, Morton Grove, IL 60053.

8.      Upon information and belief, at all relevant times, Defendant Meteor's Illinois registered agent was Vladan Dasic, located at the same address as Defendant Meteor.

9.      Upon information and belief, at all relevant times, Defendant Meteor was an entity which was <u>not</u> registered with the Colorado Secretary of State and was <u>not</u> authorized to do business in Colorado.

10.     Upon information and belief, at all relevant times, Defendant Meteor was doing business in Colorado, including participating in interstate commerce by driving vehicles, including semi-truck tractors with attached trailers **("semis")**, to transport general freight.

11.     Upon information and belief, Defendant Meteor owned and/or provided semis to its employees and/or agents so they could transport freight.

12.     Upon information and belief, Defendant Meteor hired Defendant Megress as its employee and/or retained him as its agent.

13.     Upon information and belief, as part of that employment and/or agency, Defendant Meteor asked and/or required Defendant Megress to drive the semi(s) that it owned and/or provided.

14.     Upon information and belief, as part of that employment and/or agency, Defendant Meteor entrusted these semi(s) to Defendant Megress.

15.     Upon information and belief, when Defendant Megress committed the tort(s), he was driving a semi that Defendant Meteor owned and/or provided.

16.     Upon information and belief, when Defendant Megress committed the tort(s), he was driving Defendant Meteor's semi with its actual, express, incidental, implied, and/or apparent authority.

17.     Upon information and belief, when Defendant Megress committed the tort(s), he was acting within the course and/or scope of his employment and/or agency with Defendant Meteor.

## II. JURISDICTION AND VENUE

18.     Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

19.     Venue is proper in Washington County because:

    a.  Both Defendants are non-residents of Colorado and, therefore, this action on a tort may be tried in any Colorado county where either Defendant may be found [C.R.C.P. 98(c)(1)]; and

    b.  It is where Defendant Megress committed the tort(s) [C.R.C.P. 98(c)(5)].

## III. GENERAL AND FACTUAL ALLEGATIONS

20.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

21.     The collision occurred on or about March 9, 2022, at approximately 5:56 p.m. **("the time of the collision")**.

22.     The collision occurred at the intersection of Highway 36 and Highway 71, around mile point 138 in Washington County, near Last Chance, Colorado.

23.     The collision involved two vehicles:

    a.  Defendant Megress was driving a red 2018 Freightliner semi-truck tractor with an attached trailer **(collectively, "the semi")** owned by Defendant Meteor; and

    b.  Plaintiff was driving a snowplow truck **("the snowplow")** owned by Employer.

24.     Upon information and belief, at the time of the collision, the weather conditions around the collision location generally could be described as follows: the temperature was around 10 degrees Fahrenheit; snow was falling and blowing across the roadway; and the roads were covered with snow and/or ice.

3

25.    At all relevant times (including before, at/during, and after the time of the collision), Plaintiff had considered the weather conditions.

26.    At all relevant times (including before, at/during, and after the time of the collision), Plaintiff accordingly took action to protect himself and others from any potential danger, including, but not limited to, exercising reasonable care by driving the snowplow reasonably, carefully, and prudently.

27.    Immediately before the time of the collision, Plaintiff was heading west on Highway 36, approaching the intersection at Highway 71.

28.    At the same time, Defendant Megress was heading south on Highway 71, approaching the same intersection.

29.    This intersection extends in four directions: north, south, east, and west.

30.    Traffic at this intersection is controlled by stop signs applying to vehicles traveling south (like Defendant Megress) and north on Highway 71.

31.    At this intersection, there are no stop signs or other traffic control devices applying to vehicles traveling west (like Plaintiff) and east on Highway 36.

32.    Therefore, vehicles going west (like Plaintiff) and east on Highway 36 have the right-of-way over vehicles going south (like Defendant Megress) and north on Highway 71.

33.    At the time of the collision, Plaintiff was continuing to drive straight, heading west through the intersection.

34.    At the time of the collision, Defendant Megress was attempting to continue driving straight, heading south through the intersection.

35.    Because Plaintiff was not subject to any traffic control device, he had the right of way.

36.    Because Defendant Megress was subject to a stop sign, he was required to yield the right of way to Plaintiff before entering and proceeding through the intersection.

37.    Upon information and belief, immediately before and/or at the time of the collision, Defendant Megress committed various actions and/or omissions causing the collision, including, but not limited to:

      a.    Defendant Megress failed to drive sufficiently slowly and cautiously, considering the snowy and/or icy road conditions; and/or

b.  Defendant Megress failed to allow sufficient time for Defendant Meteor's vehicle to slow gradually so it would not slide on snow and/or ice.

38.     Upon information and belief, Defendant Megress's actions and/or omissions, as described above, resulted in Defendant Megress being unable to stop Defendant Meteor's semi in time to avoid a collision, causing the semi to slide or skid into the intersection and strike the passenger side of Employer's vehicle, resulting in a "T-bone" collision **("the collision")**.

39.     <u>Alternatively</u>, upon information and belief, immediately before and/or at the time of the collision, Defendant Megress committed various actions and/or omissions causing the collision, including, but not limited to:

a.  Defendant Megress either negligently failed to notice that he was subject to stop sign, or he willfully failed to comply with the stop sign; and

b.  Defendant Megress either negligently or willfully failed to yield the right of way to Plaintiff and ran the stop sign at the intersection.

40.     Upon information and belief, under this <u>alternative</u> description above, Defendant Megress's actions and/or omissions caused Defendant Meteor's semi to enter and proceed into the intersection and strike the passenger side of Employer's vehicle, resulting in the collision.

41.     Upon information and belief, the collision's force caused Defendant Meteor's semi to travel to the southwest side of the intersection and off the road, where it came to rest with the tractor's wheels on the road, facing southwest, and the trailer lying on its left side.

42.     Upon information and belief, the collision's force caused Employer's snowplow to spin counter-clockwise and travel to south of the intersection, into the southbound lane of Highway 71, where it came to rest on its wheels.

43.     Officer E. Merritt (#5679), of the Colorado State Patrol, responded to the collision scene, investigated, and completed a written Traffic Crash Report regarding his investigation.

44.     In his report, Officer Merritt noted the following:

a.  Officer Merritt observed that both vehicles sustained such severe damage that they had to be towed from the scene.

b.  Officer Merritt suspected that the collision had seriously injured Plaintiff.

c.  Officer Merritt opined that the most apparent human contributing factor to the collision was Defendant Megress's inexperience driving the semi.

5

45.     Officer Merritt determined that Defendant Megress was at fault for causing the collision and cited him pursuant to C.R.S. § 42-4-1402(2)(b) *(careless driving causing bodily injury)* and common code 139 *(careless driving resulting in injury)*.

46.     Defendant Megress's negligent, careless, and dangerous conduct was the sole cause of the collision.

47.     Plaintiff was not comparatively negligent in contributing to or causing the collision.

48.     Upon information and belief, the collision caused Plaintiff to sustain <u>severe</u> bodily injuries, including multiple fractures.

49.     Upon information and belief, shortly after the collision, a Washington County ambulance arrived and transported Plaintiff for initial emergency evaluation and treatment of his injuries.

50.     Upon information and belief, Plaintiff developed other injuries, conditions, and symptoms due to the collision.

51.     Upon information and belief, Plaintiff subsequently sought and obtained, and continues to seek and obtain, other treatment from various health care providers for his collision-related injuries, conditions, and symptoms, including, but not limited to, spending 30 days hospitalized as an inpatient at UCHealth Medical Center of the Rockies.

52.     Upon information and belief, as a result of his injuries caused by the collision, Plaintiff incurred damages and losses.

53.     Upon information and belief, as a result of his injuries caused by the collision, Plaintiff currently continues incurring damages and losses because he is still receiving reasonable, necessary, and collision-related medical treatment for his injuries and, as a result, he remains unable to work.

54.     Upon information and belief, at all relevant times, Plaintiff mitigated his injuries, damages, and losses resulting from the collision.

## IV. <u>CLAIMS FOR RELIEF</u>

### <u>FIRST CLAIM FOR RELIEF</u>
*(Negligence – against <u>Defendant Megress</u>)*

55.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

56.     Defendant Megress owed a duty to Plaintiff to exercise reasonable care in operating Defendant Meteor's semi to protect Plaintiff and the general public from bodily injury.

57.     Defendant Megress breached his duty to Plaintiff by operating Defendant Meteor's semi in such a careless, imprudent, and negligent manner as to cause the collision.

58.     Defendant Megress's breach of his duty to Plaintiff caused the collision to occur.

59.     Defendant Megress's breach of his duty to Plaintiff, resulting in the collision, caused Plaintiff to sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

## SECOND CLAIM FOR RELIEF
### (Negligence *per se* – against *Defendant Megress*)

60.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

61.     At the time of the collision, various pertinent Colorado statutes and municipal ordinances were in effect, including, but not limited to:

   a.   C.R.S. § 42-4-1401 (reckless driving);

   b.   C.R.S. § 42-4-1402(2)(a) (careless driving);

   c.   C.R.S. § 42-4-1402(2)(b) (careless driving causing bodily injury);

   d.   C.R.S. § 42-4-1101(3) (driving too fast for conditions); and

   e.   C.R.S. § 42-4-703(3) (entering through highway – stop or yield intersection).

62.     These statutes and municipal ordinances were enacted to protect Plaintiff and the general public from harm.

63.     Plaintiff was part of the class for whose protection these statutes and municipal ordinances were enacted.

64.     Plaintiff suffered the type of harm against which these statutes and municipal ordinances were meant to protect.

65.     Defendant Megress's conduct in causing the collision violated one or more of these statutes and/or municipal ordinances.

66.     Defendant Megress's violation of these statutes and/or municipal ordinances constitutes negligence *per se*.

67.     Defendant Megress's negligence *per se*, resulting in the collision, caused Plaintiff to sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

### THIRD CLAIM FOR RELIEF
*(Vicarious liability / Respondeat superior – against Defendant Meteor)*

68.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

69.     Upon information and belief, at all relevant times, including at the time of the collision, Defendant Megress was an employee and/or agent of Defendant Meteor.

70.     Upon information and belief, at all relevant times, including at the time of the collision, Defendant Megress was acting in connection with, and/or within the course and/or scope of, his agency and/or employment with Defendant Meteor.

71.     Defendant Megress committed the torts of negligence and/or negligence *per se* when his actions and/or omissions caused the collision.

72.     As a result, any act or omission of Defendant Megress, including his negligent conduct in causing the collision, legally is imputed to, and becomes the act or omission of, Defendant Meteor.

### FOURTH CLAIM FOR RELIEF
*[Negligent entrustment (pursuant to C.R.S. § 13-21-111.5(1.5) (2021))*
*– against Defendant Meteor)]*

73.     Plaintiff incorporates by reference the paragraphs above, as if set forth fully here.

74.     Upon information and belief, Defendant Megress was Defendant Meteor's employee and/or agent.

75.     Upon information and belief, as part of that employment and/or agency, Defendant Meteor asked and/or required Defendant Megress to drive its vehicle(s), including its semi(s).

76.     Upon information and belief, as part of that employment and/or agency, Defendant Meteor entrusted its semi(s) to Defendant Megress.

77.     Upon information and belief, at the time of the collision, when Defendant Megress committed the tort(s), he was driving Defendant Meteor's semi.

78.     Upon information and belief, at the time of the collision, when Defendant Megress committed the tort(s), he was driving Defendant Meteor's semi in connection with, and/or within the course and/or scope of, his agency and/or employment with Defendant Meteor.

79.     Alternatively, upon information and belief, at the time of the collision, when Defendant Megress committed the tort(s), he was driving Defendant Meteor's semi with its actual, express, incidental, implied, and/or apparent authority.

80.     Upon information and belief, when Defendant Meteor entrusted the semi to Defendant Megress, he was too inexperienced and/or otherwise unfit to drive it.

81.     Upon information and belief, this is consistent with Officer Merritt's opinion, in his written Traffic Crash Report, that the most apparent human contributing factor to the collision was Defendant Megress's inexperience driving the semi.

82.     Defendant Meteor knew, or reasonably should have known, that Defendant Megress was too inexperienced and/or otherwise unfit to drive the semi.

83.     Defendant Megress's inexperience and/or other unfitness to drive Defendant Meteor's semi created a particular risk to others.

84.     Defendant Meteor knew, or reasonably should have known, that entrusting its semi to an inexperienced and/or otherwise unfit driver like Defendant Megress would create a particular risk to others.

85.     Therefore, <u>before</u> entrusting its semi to Defendant Megress, Defendant Meteor should have exercised reasonable care by investigating his knowledge, abilities, and experience with driving semis.

86.     Upon information and belief, Defendant Meteor <u>failed</u> to exercise reasonable care in entrusting the semi to Defendant Megress:

        a.  Defendant Meteor completely <u>failed</u> to investigate Defendant Megress's driving knowledge, abilities, and experience; OR

b. <u>Alternatively</u>, Defendant Meteor <u>did</u> investigate Defendant Megress's driving knowledge, abilities, and experience, and it <u>did</u> discover that he was too inexperienced and/or otherwise unfit to drive the semi <u>before</u> entrusting it to him, but it <u>disregarded</u> this information, and the resulting risk to others, and <u>entrusted</u> it to him, nonetheless; OR

c. <u>Alternatively</u>, Defendant Meteor <u>did</u> investigate Defendant Megress's driving knowledge, abilities, and experience, but it did <u>not</u> discover Defendant Megress's inexperience and/or other unfitness <u>until after</u> entrusting the semi to him, and it <u>failed to stop entrusting</u> it to him.

87.     If Defendant Meteor had exercised reasonable care, it would have discovered Defendant Megress's inexperience and/or other unfitness, and, as a result, it would not have entrusted the semi to him.

88.     Defendant Meteor's failure to exercise reasonable care in entrusting its semi to Defendant Megress constitutes negligence.

89.     Defendant Meteor's failure to exercise reasonable care resulted in Defendant Megress's inexperience or other unfitness causing the collision in connection with, and/or within the course and/or scope of, his agency and/or employment with Defendant Meteor.

90.     The collision caused Plaintiff to sustain injuries, damages, and losses, including, but not limited to: bodily injuries; permanent physical impairment and disfigurement; economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time); and non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience).

91.     Defendant Meteor's negligence in entrusting its semi to Defendant Megress was a substantial factor in causing Plaintiff's harm.

92.     Pursuant to C.R.S. § 13-21-111.5(1.5) (2021), Plaintiff is entitled to bring this claim for direct negligence against Defendant Meteor.

## V.  <u>REQUEST FOR RELIEF</u>

**WHEREFORE**, the Plaintiff, Merl Dinsmore, respectfully requests that judgment be entered in his favor and against the Defendants, Marcus Megress and Meteor Logistics LLC, in an amount, to be determined at trial, to fairly compensate Plaintiff for his injuries, damages, and losses, including, but not limited to:

- bodily injuries;

- permanent physical impairment and disfigurement;

- economic damages, including, but not limited to: past and future medical expenses (including medical bills, medical mileage, and out-of-pocket expenses) and past and future wage loss (including lost wages, lost earning capacity, and loss of time);

- non-economic damages (including mental anguish, pain and suffering, loss of enjoyment of life, and inconvenience);

- interest (including post-collision, pre-filing, and post-filing interest) per statute and as otherwise permitted under Colorado law;

- costs (including, but not limited to, court costs and expert witness fees);

- reasonable attorney's fees per statute and as otherwise permitted under Colorado law; and

- such other and further relief as the Court deems just and proper.

Dated: <u>Friday, December 16, 2022</u>.

Respectfully submitted,

**LAW OFFICES OF DIANNE SAWAYA, LLC**
<u>*s/ Alissa M. Peashka*</u>
Nathan T. Mattison, Esq.
Alissa M. Peashka, Esq.
*Attorneys for Plaintiff*

<u>Plaintiff's address</u>:
c/o Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 1030
Denver, CO 8024